(49 Misc. Rep. 143.)

## PEOPLE ex rel. EDWARDS v. BAKER et al.

(Supreme Court, Special Term, Kings County.   November, 1905.)

1. MUNICIPAL CORPORATIONS — CIVIL SERVICE — DETERMINATION OF GRADE—RECORD.
    Under Greater New York Charter, Laws 1901, p. 122, c. 466, § 288, requiring promotion in the police department to be made on the basis of seniority, meritorious police service, and superior capacity, as shown by competitive examination, the civil service commission should not, in determining the rating of a policeman after an examination for promotion, consider the record of the policeman during his probationary period, and deduct points for fines imposed during such period.

2. MANDAMUS—LACHES—EXCUSES—INEFFECTUAL EFFORTS FOR REDRESS.
    A police officer was not guilty of laches in permitting a year and a half to elapse from the time of notification to him of a rating accorded him on the eligible list for promotion before commencing mandamus proceedings to compel the civil service commission to correct the rating for an error therein, where the time between such notification and the institution of the mandamus proceedings was consumed in ineffectual attempts to procure redress from the police commissioner and the civil service commission.

Mandamus proceedings by the people, on the relation of James Edwards, against William F. Baker and others, constituting the municipal civil service commission of the city of New York.   Writ granted.

Motion for a peremptory writ of mandamus requiring the respondents to revise the rating of the relator as to meritorious police service by disregarding all fines imposed during relator's probationary term of service, and to correct relator's rating on the eligible list for promotion to roundsman accordingly. The relator, as a result of a competitive examination was, on October 19, 1896, assigned to duty on the police force in the city of Brooklyn for a probationary term of six months.   While serving under such probationary appointment he was tried for a violation of the rules of the police department, convicted and fined 30 days' pay.   After serving the full probationary period, relator was, on April 19, 1897, regularly appointed a member of the police force of the city of Brooklyn, with the rank and grade of patrolman.   Thereafter, and pursuant to the provisions of section 278 of the Greater New York Charter (chapter 378, p. 95, Laws 1897) relator was continued as a member of the police force of the city of New York, with the same rank and grade.   On May 5, 1904, relator, as a result of a competitive examination for promotion to roundsman, was notified by the municipal civil service commission that his name had been placed on the eligible list for such promotion, and that he had been given a rating of $80^{84}/_{100}$ per cent.   In arriving at this rating the municipal civil service commission deducted $7\frac{1}{2}$ per cent. from relator's rating on meritorious police service, because of the thirty days' fine imposed while relator was serving his probationary term.   But, for this deduction, relator's rating on the eligible list would have been $83^{64}/_{100}$ per cent., thus placing him some 300 numbers nearer the head of said list.   On May 18, 1904, and again on August 10, 1904, relator appealed in writing to the municipal civil service commission, protesting that no part of his record while serving as a probationary appointee should be considered, and asking for a rerating.   On October 20, 1904, the municipal civil service commission refused to change relator's rating, but did not notify relator of this action until January 10, 1905.   Meanwhile, relator had appealed personally to President Coler of the municipal civil service commission, who advised him to apply to the police commissioner for a corrected record.   The police commissioner thereupon requested the corporation counsel of the city of New York for his opinion as to whether a fine imposed upon a probationary officer should be considered against him on his application for promotion, and the corporation counsel handed down an opinion favorable to the contention of the re-

lator. The opinion of the corporation counsel, together with an amended record of relator, was, on April 10, 1905, submitted by the police commissioner to the municipal civil service commission, together with a communication in writing requesting a rerating of relator. On April 19, 1905, the municipal civil service commission, after due consideration, refused to grant the police commissioner's request for a rerating. However, no notice of this action came to the knowledge of the relator until after September 1, 1905. This proceeding was commenced October 18, 1905.

On a motion two questions were presented for the determination of the court, namely: First. Should the record of a member of the police force while serving as a probationary appointee be considered by the municipal civil service commission on the examination for promotion? Second. Was the relator guilty of laches?

Robert H. Wilson, for relator.

John J. Delany (E. H. Wilson, of counsel), for respondents.

MADDOX, J. The respondent's predecessors in office considered the probationary record of the relator improperly included by the police commissioner in the police record of relator submitted to the civil service commission, and in that a wrong was done to relator. The statutes define the duties of the civil service commission and promotion in the police department shall be made on "the basis of seniority, meritorious police service, and superior capacity as shown by competitive examination." Section 288, Greater New York Charter (Laws 1901, p. 122, c. 466). In considering the probationary record the commission exceeded the statutory authority given. That was not a judicial act, and cannot be so excused. Relator's delay is fully explained, and he is not to be charged with laches. In communicating with the police commissioner and the civil service commission he was endeavoring to bring about a correction of the wrong done him.

No reason is shown why the commission should not have acted, and the motion is granted. Settle order on notice.